## Docket Nos. 14-16319(L), 14-16429

*In the*

# United States Court of Appeals

*For the*

# Ninth Circuit

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEB 0 5 2015

FILED_____
DOCKETED_____
DATE          INITIA

REALTEK SEMICONDUCTOR CORPORATION,
a Taiwanese Corporation,

*Plaintiff-Appellee,*

v.

LSI CORPORATION, a Delaware Corporation
and AGERE SYSTEMS LLC,

*Defendants-Appellants.*

*Appeal from a Decision of the United States District Court for the Northern District of California,
No. 5:12-cv-03451-RMW · Honorable Ronald M. Whyte*

## APPELLANTS' NOTICE REGARDING SEALED DOCUMENTS

DAVID E. SIPIORA, ESQ.
KEVIN M. BELL, ESQ.
KILPATRICK TOWNSEND
& STOCKTON LLP
1400 Wewatta Street, Suite 210
Denver, Colorado 80202
(303) 571 4000 Telephone
(303) 571 4321 Facsimile

*Attorneys for Appellants,
LSI Corporation and Agere Systems LLC*



COUNSEL PRESS · (800) 3-APPEAL                    PRINTED ON RECYCLED PAPER 

Pursuant to Circuit Rule 27-13(b), notice is hereby given that portions of the following documents are required to be filed under seal pursuant to a Protective Order entered by the district court on November 2, 2012:

- BRIEF OF APPELLANTS
- EXCERPT OF RECORD

The sealed portions of the above documents contain or refer to materials designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order. A true and correct copy of the Protective Order is attached hereto as Exhibit A.

Dated: February 4, 2015

KILPATRICK TOWNSEND & STOCKTON LLP

DAVID E. SIPIORA (State Bar No. 124951)
KEVIN M. BELL (admitted *pro hac vice*)
dsipiora@kilpatricktownsend.com
kbell@kilpatricktownsend.com
Ste. 600, 1400 Wewatta St.
Denver, CO 80202
Telephone: (303) 571 4000
Facsimile: (303) 571 4321

Attorneys for Defendants-Appellants
LSI Corporation and Agere Systems LLC

# EXHIBIT - A

Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
William R. Overend (SBN 180209)
Email: woverend@reedsmith.com
Adrian Sue Shin (SBN 256960)
Email: sshin@reedsmith.com
James A. Daire (SBN 239637)
Email: jdaire@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Steven S. Baik (SBN 184622)
Email: sbaik@reedsmith.com
Carina M. Tan (SBN 185015)
carinatan@reedsmith.com
REED SMITH LLP
1510 Page Mill Road, Suite 110
Palo Alto, CA 94304
Tel: (650) 352-0500
Fax: (650) 352-0699

Attorneys for Plaintiff
REALTEK SEMICONDUCTOR
CORPORATION

KILPATRICK TOWNSEND & STOCKTON
LLP
DAVID E. SIPIORA (State Bar No. 124951)
1400 Wewatta Street, Suite 600
Denver, CO 80202-5556
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email:   dsipiora@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON
LLP
ROBERT J. ARTUZ (State Bar No. 227789)
1080 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 326-2400
Facsimile: (650) 326-2422
Email:   rartuz@kilpatricktownsend.com

Attorneys for Defendants LSI CORPORATION
and AGERE SYSTEMS LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>          Plaintiff,<br><br>     vs.<br><br>LSI CORPORATION.<br>and AGERE SYSTEMS LLC,<br><br>          Defendants. | Case No. 5:12-cv-03451 RMW<br><br>**STIPULATED PROTECTIVE ORDER** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-110166075.1-SSHIN
US_ACTIVE-110797252.2-JADAIRE 10/10/2012

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  transcripts, and tangible things), that are produced or generated in disclosures or responses to

2  discovery in this matter.

3      2.7  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the

4  litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a

5  consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor,

6  and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's

7  competitor.

8      2.8  <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:

9  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or

10  Non-Party would create a substantial risk of serious harm that could not be avoided by less

11  restrictive means.  Any material previously designated as "Confidential Business Information" in

12  ITC Investigation No. 337-TA-837 shall be treated as "HIGHLY CONFIDENTIAL –

13  ATTORNEYS' EYES ONLY" information under the terms of this Stipulated Protective Order.

14      2.9  <u>House Counsel</u>: attorneys who are employees of a party to this action. House

15  Counsel does not include Outside Counsel of Record or any other outside counsel.

16      2.10  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other

17  legal entity not named as a Party to this action.

18      2.11  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this

19  action but are retained to represent or advise a party to this action and have appeared in this action

20  on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

21      2.12  <u>Party</u>: any party to this action, including all of its officers, directors,

22  employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

23      2.13  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery

24  Material in this action.

25      2.14  <u>Professional Vendors</u>: persons or entities that provide litigation support

26  services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

27  organizing, storing, or retrieving data in any form or medium) and their employees and

28  subcontractors.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or any similar court or administrative protective orders, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   limit any such designation to specific material that qualifies under the appropriate standards. To the

2   extent it is practical to do so, the Designating Party must designate for protection only those parts of

3   material, documents, items, or oral or written communications that qualify – so that other portions of

4   the material, documents, items, or communications for which protection is not warranted are not

5   swept unjustifiably within the ambit of this Order.

6          Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

7   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

8   encumber or retard the case development process or to impose unnecessary expenses and burdens on

9   other parties) expose the Designating Party to sanctions.

10         If it comes to a Designating Party's attention that information or items that it designated for

11  protection do not qualify for protection at all or do not qualify for the level of protection initially

12  asserted, that Designating Party must promptly notify all other parties that it is withdrawing the

13  mistaken designation.

14         5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see,

15  e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

16  Discovery Material that qualifies for protection under this Order must be clearly so designated

17  before the material is disclosed or produced.

18         Designation in conformity with this Order requires:

19         (a) for information in documentary form (e.g., paper or electronic documents, but

20  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

21  affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22  ONLY" to each page that contains protected material. If only a portion or portions of the material on

23  a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

24  (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level

25  of protection being asserted.

26         A Party or Non-Party that makes original documents or materials available for inspection

27  need not designate them for protection until after the inspecting Party has indicated which material it

28  would like copied and produced. During the inspection and before the designation, all of the material

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

STIPULATED PROTECTIVE ORDER

US_ACTIVE-110797252.2-JADAIRE 10/10/2012 1:05 PM

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

2 EYES ONLY." After the inspecting Party has identified the documents it wants copied and

3 produced, the Producing Party must determine which documents, or portions thereof, qualify for

4 protection under this Order. Then, before producing the specified documents, the Producing Party

5 must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

6 ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or

7 portions of the material on a page qualifies for protection, the Producing Party also must clearly

8 identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

9 specify, for each portion, the level of protection being asserted.

10        (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

11 Designating Party identify on the record, before the close of the deposition, hearing, or other

12 proceeding, all protected testimony and specify the level of protection being asserted. When it is

13 impractical to identify separately each portion of testimony that is entitled to protection and it

14 appears that substantial portions of the testimony may qualify for protection, the Designating Party

15 may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

16 to have up to 21 days to identify the specific portions of the testimony as to which protection is

17 sought and to specify the level of protection being asserted. Only those portions of the testimony that

18 are appropriately designated for protection within the 21 days shall be covered by the provisions of

19 this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or

20 up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated

21 as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

22       Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

23 other proceeding to include Protected Material so that the other parties can ensure that only

24 authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

25 (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

26 shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

27 ATTORNEYS' EYES ONLY."

28       Transcripts containing Protected Material shall have an obvious legend on the title page that

1   the transcript contains Protected Material, and the title page shall be followed by a list of all pages

2   (including line numbers as appropriate) that have been designated as Protected Material and the level

3   of protection being asserted by the Designating Party. The Designating Party shall inform the court

4   reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day

5   period for designation shall be treated during that period as if it had been designated "HIGHLY

6   CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the

7   expiration of that period, the transcript shall be treated only as actually designated.

8           (c) for information produced in some form other than documentary and for any other

9   tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

10   containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

11   CONFIDENTIAL – ATTORNEYS' EYES ONLY".  If only a portion or portions of the information

12   or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

13   portion(s) and specify the level of protection being asserted.

14       5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

15   designate qualified information or items does not, standing alone, waive the Designating Party's

16   right to secure protection under this Order for such material. Upon timely correction of a

17   designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

18   accordance with the provisions of this Order.

19       6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

20       6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of

21   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

22   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

23   or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

24   confidentiality designation by electing not to mount a challenge promptly after the original

25   designation is disclosed.

26       6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process

27   by providing written notice of each designation it is challenging and describing the basis for each

28   challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    recite that the challenge to confidentiality is being made in accordance with this specific paragraph

2    of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

3    begin the process by conferring directly (in voice to voice dialogue; other forms of communication

4    are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

5    Party must explain the basis for its belief that the confidentiality designation was not proper and

6    must give the Designating Party an opportunity to review the designated material, to reconsider the

7    circumstances, and, if no change in designation is offered, to explain the basis for the chosen

8    designation. A Challenging Party may proceed to the next stage of the challenge process only if it

9    has engaged in this meet and confer process first or establishes that the Designating Party is

10    unwilling to participate in the meet and confer process in a timely manner.

11         6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court

12    intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

13    Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable)

14    within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the

15    meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must

16    be accompanied by a competent declaration affirming that the movant has complied with the meet

17    and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

18    make such a motion including the required declaration within 21 days (or 14 days, if applicable)

19    shall automatically waive the confidentiality designation for each challenged designation. In

20    addition, the Challenging Party may file a motion challenging a confidentiality designation at any

21    time if there is good cause for doing so, including a challenge to the designation of a deposition

22    transcript or any portions thereof. Any motion brought pursuant to this provision must be

23    accompanied by a competent declaration affirming that the movant has complied with the meet and

24    confer requirements imposed by the preceding paragraph.

25         The Designating Party has the burden to file and serve a motion to retain confidentiality for

26    the first two challenges that cannot be resolved in a meet and confer process.  Upon the third

27    unresolved challenge, the burden of filing and serving a motion challenging the confidentiality

28    designation shifts to the Challenging Party.  After the burden of filing and serving shifts to the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 5:12-CV-03451 RMW                    – 7 –

US_ACTIVE-110797252.2-JADAIRE 10/10/2012 1:05 PM

1    Challenging Party, there is no automatic waiver of confidentiality designations.

2          The burden of persuasion in any such challenge proceeding shall remain on the Designating

3    Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

4    unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

5    Unless the Designating Party has waived the confidentiality designation by failing to file a motion to

6    retain confidentiality in the first two unresolved challenges as described above, all parties shall

7    continue to afford the material in question the level of protection to which it is entitled under the

8    Producing Party's designation until the court rules on the challenge.

9    7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

10          7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

11   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

12   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

13   the categories of persons and under the conditions described in this Order. When the litigation has

14   been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL

15   DISPOSITION).

16          Protected Material must be stored and maintained by a Receiving Party at a location and in a

17   secure manner that ensures that access is limited to the persons authorized under this Order.

18          7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by

19   the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

20   information or item designated "CONFIDENTIAL" only to:

21          (a) the Receiving Party's Outside Counsel of Record in this action, as well as

22   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

23   information for this litigation;

24          (b) the officers, directors, and employees (including House Counsel) of the Receiving

25   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

26   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27          (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

28   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    to Be Bound" (Exhibit A);

2            (d) the court and its personnel;

3            (e) court reporters and their staff, professional jury or trial consultants, and

4    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

5    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6            (f) during their depositions, witnesses in the action to whom disclosure is reasonably

7    necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

8    unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

9    deposition testimony or exhibits to depositions that reveal Protected Material must be separately

10   bound by the court reporter and may not be disclosed to anyone except as permitted under this

11   Stipulated Protective Order.

12           (g) the author or recipient of a document containing the information or a custodian or

13   other person who otherwise possessed or knew the information.

14       7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

15   Information or Items. Unless otherwise ordered by the court or permitted in writing by the

16   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

17   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

18           (a) the Receiving Party's Outside Counsel of Record in this action, as well as

19   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

20   information for this litigation;

21            (b) No more than two Designated House Counsel approved under the procedures set

22   forth in Section 7.4 to whom disclosure is reasonably necessary for this litigation and who have

23   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24           (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for

25   this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

26   and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

27           (d) the court and its personnel;

28           (e) court reporters and their staff, professional jury or trial consultants, and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

2    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

3              (f) the author or recipient of a document containing the information or a custodian or

4    other person who otherwise possessed or knew the information.

5              7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL –</u>

6    <u>ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.</u>

7              (a)(1) Unless otherwise ordered by the court or agreed to in writing by the

8    Designating Party, a Party that seeks to disclose to Designated House Counsel any information or

9    item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

10   pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets

11   forth the full name of the Designated House Counsel and the city and state of his or her residence,

12   and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary

13   job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may

14   become involved, in any competitive decision-making.

15             (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

16   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

17   information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

18   ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that

19   (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

20   ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets

21   forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a

22   copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies

23   each person or entity from whom the Expert has received compensation or funding for work in his or

24   her areas of expertise or to whom the expert has provided professional services, including in

25   connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name

26   1 If the Expert believes any of this information is subject to a confidentiality obligation to a third-
     party, then the Expert should provide whatever information the Expert believes can be disclosed
27   without violating any confidentiality agreements, and the Party seeking to disclose to the Expert
     shall be available to meet and confer with the Designating Party regarding any such engagement.
28

1 and number of the case, filing date, and location of court) any litigation in connection with which the

2 Expert has offered expert testimony, including through a declaration, report, or testimony at a

3 deposition or trial, during the preceding five years.

4         (b) A Party that makes a request and provides the information specified in the

5 preceding respective paragraphs may disclose the subject Protected Material to the identified

6 Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party

7 receives a written objection from the Designating Party. Any such objection must set forth in detail

8 the grounds on which it is based.

9         (c) A Party that receives a timely written objection must meet and confer with the

10 Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement

11 within seven days of the written objection. If no agreement is reached, the Party seeking to make the

12 disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local

13 Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking

14 permission from the court to do so. Any such motion must describe the circumstances with

15 specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the

16 Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest

17 any additional means that could be used to reduce that risk. In addition, any such motion must be

18 accompanied by a competent declaration describing the parties' efforts to resolve the matter by

19 agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the

20 reasons advanced by the Designating Party for its refusal to approve the disclosure.

21     In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

22 Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under

23 the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

24 its Designated House Counsel or Expert.

25 8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

26 <u>LITIGATION</u>

27     If a Party is served with a subpoena or a court order issued in other litigation that compels

28 disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    CONFIDENTIAL – ATTORNEYS' EYES ONLY"  that Party must:

2           (a) promptly notify in writing the Designating Party. Such notification shall include a

3    copy of the subpoena or court order;

4           (b) promptly notify in writing the party who caused the subpoena or order to issue in

5    the other litigation that some or all of the material covered by the subpoena or order is subject to this

6    Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

7           (c) cooperate with respect to all reasonable procedures sought to be pursued by the

8    Designating Party whose Protected Material may be affected.

9           If the Designating Party timely seeks a protective order, the Party served with the subpoena

10   or court order shall not produce any information designated in this action as "CONFIDENTIAL" or

11   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  before a determination by the court

12   from which the subpoena or order issued, unless the Party has obtained the Designating Party's

13   permission. The Designating Party shall bear the burden and expense of seeking protection in that

14   court of its confidential material – and nothing in these provisions should be construed as

15   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

16   another court.

17   9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

18   LITIGATION

19          (a)     The terms of this Order are applicable to information produced by a Non-

20   Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

21   ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with this

22   litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions

23   should be construed as prohibiting a Non-Party from seeking additional protections.

24          (b)     In the event that a Party is required, by a valid discovery request, to produce a

25   Non-Party's confidential information in its possession, and the Party is subject to an agreement with

26   the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

27          1.      promptly notify in writing the Requesting Party and the Non-Party that

28   some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1                     2.       promptly provide the Non-Party with a copy of the Stipulated

2    Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

3    description of the information requested; and

4                     3.       make the information requested available for inspection by the Non-

5    Party.

6             (c)    If the Non-Party fails to object or seek a protective order from this court

7    within 14 days of receiving the notice and accompanying information, the Receiving Party may

8    produce the Non-Party's confidential information responsive to the discovery request. If the Non-

9    Party timely seeks a protective order, the Receiving Party shall not produce any information in its

10    possession or control that is subject to the confidentiality agreement with the Non-Party before a

11    determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden

12    and expense of seeking protection in this court of its Protected Material.

13    10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

15    Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

16    the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

17    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

18    inform the person or persons to whom unauthorized disclosures were made of all the terms of this

19    Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

20    Be Bound" that is attached hereto as Exhibit A.

21    11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

22    MATERIAL

23          If information is produced in discovery that is subject to a claim of privilege or of protection

24    as trial-preparation material, the party making the claim may notify any party that received the

25    information of the claim and the basis for it. After being notified, a party must promptly return or

26    destroy the specified information and any copies it has and may not sequester, use or disclose the

27    information until the claim is resolved. This includes a restriction against presenting the information

28    to the court for a determination of the claim.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

12.   <u>MISCELLANEOUS</u>

      12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

      12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      12.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

      Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

2   Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

3   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

4   correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

5   and expert work product, even if such materials contain Protected Material. Any such archival copies

6   that contain or constitute Protected Material remain subject to this Protective Order as set forth in

7   Section 4 (DURATION).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 5:12-CV-03451 RMW                                  – 15 –

STIPULATED PROTECTIVE ORDER

US_ACTIVE-110797252.2-JADAIRE 10/10/2012 1:05 PM

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

2         DATED:  October 10, 2012.

3                                    REED SMITH LLP

4

                                     By____/s/ James A. Daire*_____
5                                       James A. Daire
                                        Attorney for Plaintiff
6                                       REALTEK SEMICONDUCTOR CORPORATION

7                                    KILPATRICK TOWNSEND & STOCKTON LLP

8

9                                    By____/s/ Robert J. Artuz_____
                                        David E. Sipiora
10                                      Robert J. Artuz
                                        Attorneys for Defendants
11                                      LSI CORPORATION and
                                        AGERE SYSTEMS LLC
12

13                                      *Filer's Attestation: Pursuant to Civil Local Rule
                                        5-1(i) regarding signatures, James A. Daire hereby
14                                      attests that concurrence in the filing of this
                                        document has been obtained.
15

16

17   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

18   However, so long as discovery matters in this case are referred to Magistrate Judge Howard R.

19   Lloyd, any disputes brought to him for resolution must comply with his Standing Order Re:

20   Civil Discovery Disputes.

21   Dated: November 2, 2012       *Ronald M. Whyte*

22                                _____
                                  HON. RONALD M. WHYTE
23                                UNITED STATES DISTRICT JUDGE

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 5:12-CV-03451 RMW                  – 16 –
                          STIPULATED PROTECTIVE ORDER

US_ACTIVE-110797252.2-JADAIRE 10/10/2012 1:05 PM

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   <u>EXHIBIT A</u>

2   <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3   I, _____ [print or type full name], of _____

4   [print or type full address], declare under penalty of perjury that I have read in its entirety and

5   understand the Stipulated Protective Order that was issued by the United States District Court for the

6   Northern District of California in the case of *Realtek Semiconductor Corporation v. LSI*

7   *Corporation et al*., **Case No. 5:12-CV-03451 RMW**. I agree to comply with and to be bound by all

8   the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

9   comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise

10   that I will not disclose in any manner any information or item that is subject to this Stipulated

11   Protective Order to any person or entity except in strict compliance with the provisions of this Order.

12   I further agree to submit to the jurisdiction of the United States District Court for the

13   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

14   Order, even if such enforcement proceedings occur after termination of this action.

15   I hereby appoint _____ [print or type full name] of

16   _____ [print or type full address and telephone number] as

17   my California agent for service of process in connection with this action or any proceedings related

18   to enforcement of this Stipulated Protective Order.

19   Date: _____

20   City and State where sworn and signed: _____

21

22   Printed name: _____

23   [printed name]

24

25   Signature: _____

26   [signature]

27

28

**Morjig, Ana**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Friday, November 02, 2012 6:17 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 5:12-cv-03451-RMW Realtek Semiconductor Corporation v. LSI Corporation et al Order on Stipulation |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

## U.S. District Court

### California Northern District

**Notice of Electronic Filing**

The following transaction was entered on 11/2/2012 at 6:17 PM and filed on 11/2/2012
**Case Name:** Realtek Semiconductor Corporation v. LSI Corporation et al
**Case Number:** 5:12-cv-03451-RMW
**Filer:**
**Document Number:** 45

**Docket Text:**
**STIPULATED PROTECTIVE ORDER re [42]. Signed by Judge Ronald M. Whyte on 11/2/2012. So long as discovery matters in this case are referred to Magistrate Judge Howard R. Lloyd, any disputes brought to him for resolution must comply with his Standing Order Re: Civil Discovery Disputes.(rmwlc1, COURT STAFF) (Filed on 11/2/2012)**

**5:12-cv-03451-RMW Notice has been electronically mailed to:**

Adrian Shin    sshin@reedsmith.com, dkalahele@reedsmith.com

James A Daire    jdaire@reedsmith.com, vcanton@reedsmith.com

Robert John Artuz    rartuz@kilpatricktownsend.com, amorjig@kilpatricktownsend.com

Steven S. Baik , Esq    sbaik@reedsmith.com, pwiggins@reedsmith.com

William R. Overend    woverend@reedsmith.com, cmosqueda@reedsmith.com, cshanahan@reedsmith.com

**5:12-cv-03451-RMW Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

Adrian Sue Shin
Reed Smith LLP
101 Second Street Suite 1800

1

San Francisco, CA 94105

Carina Maria Tan
Reed Smith LLP
1510 Page Mill Road, Suite 110
Palo Alto, CA 94304

Charles A Pannell , III
Kilpatrick Townesend & Stockton LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309

Scott D Baker
Reed Smith LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**12-03451 PO.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=11/2/2012] [FileNumber=9087082-0]
[3d9e80d66bb25da57161b389aaf748d43fe75fcc49969d44498e413ff7d63fe849c2a
8ee562f938efb39f771a3b61e5a20b0a8ad33af2c1e10aa9eff1f50daa3]]

| State of California | ) | Proof of Service by: |
| County of Los Angeles | ) | US Postal Service |
| | ) | ✓ Federal Express |

I, Kirstin Largent , declare that I am not a party to the action, am over 18 years of age and my business address is: 631 S Olive Street, Suite 600, Los Angeles, California 90014.

On 2/4/2015 declarant served the within: Appellants' Notice Regarding Sealed Documents upon:

1 Copies ✓ FedEx ___ USPS

Steven Baik, Esq.
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, California 94304

Attorney for Plaintiff/Cross-Appellant,
Realtek Semiconductor Corporation

___ Copies ___ FedEx ___ USPS

___ Copies ___ FedEx ___ USPS

___ Copies ___ FedEx ___ USPS

the address(es) designated by said attorney(s) for that purpose by depositing **the number of copies indicated above,** of same, enclosed in a postpaid properly addressed wrapper in a Post Office Mail Depository, under the exclusive custody and care of the United States Postal Service, within the State of California, or properly addressed wrapper in an Federal Express Official Depository, under the exclusive custody and care of Federal Express, within the State of California

I further declare that this same day the **original and** ___ copies has/have been ___ hand delivered for filing OR the **original and** 4 copies has/have been filed by ✓ third party commercial carrier for next business day delivery to:

Office of the Clerk
UNITED STATES COURT OF APPEALS FOR
THE NINTH CIRCUIT
95 Seventh Street
San Francisco, California 94103-1526

I declare under penalty of perjury that the foregoing is true and correct:

Signature: _____